[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15316
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00086-CR-T-30-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO MACIAS-ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 3, 2008)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Armando Macias-Ortiz appeals his 63-month sentence for conspiracy to

distribute and to possess with intent to distribute 500 grams or more of cocaine, in

violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)(ii)(II) (Count I), possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)(II) (Count III), and illegally entering the United States, in violation of 8 U.S.C. §§ 1325(a)(1) and 1329 (Count V). Macias-Ortiz argues on appeal that his low-end Guidelines sentence is substantively unreasonable. After thorough review, we affirm.

Generally, we review a sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).[1] In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128

---

[1] Though the Government claims plain error review is appropriate where, as here, a defendant raises a reasonableness argument for the first time on appeal, we need not decide whether plain error review is proper, as we reach the same outcome under either standard.

S.Ct. 586, 597 (2007)).[2]  If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597).  "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

Macias-Ortiz has not demonstrated that his sentence is substantively unreasonable.[3]  As an initial matter, the district court applied a two-level minor-role reduction pursuant to U.S.S.G. § 3B1.2(b) based upon its finding that Macias-Ortiz was less culpable than the other co-defendants.  Thus, Macias-Ortiz's contention that the court failed to properly take into account his role in the offense is without merit.

Moreover, the district court said that it had considered the Section 3553(a) factors, and the record reflects that the court was aware of, and applied, those factors.

---

[2]  The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

[3]  In his brief, Macias-Ortiz concedes that the district court correctly calculated his Guidelines range, and thus, does not challenge the procedural reasonableness of the sentence.

Specifically, the district court considered Macias-Ortiz's history and characteristics and the nature and circumstances of the offense, noting that: (1) Macias-Ortiz's participation in the drug transaction was minimal; (2) Macias-Ortiz did not use violence or threats of violence during the drug transaction; (3) Macias-Ortiz had not been truthful regarding his awareness of whether his codefendant was armed during the drug transaction; and (4) Macias-Ortiz had two small children and health issues, and had expressed remorse. See 18 U.S.C. § 3553(a)(1). The court also recognized the advisory Guidelines range. See 18 U.S.C. § 3553(a)(4).

Indeed, "the district court need only acknowledge that it considered the § 3553(a) factors, and need not discuss each of these factors in either the sentencing hearing or in the sentencing order." United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), cert. denied, 128 S. Ct. 671 (2007) (internal quotation and punctuation omitted); United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) ("nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"). This is especially true here, where Macias-Ortiz failed to contest a Guidelines-range sentence based upon the § 3553(a) factors he discusses in his brief, and where Macias-Ortiz's 63-month sentence was at the low end of the Guidelines range, and well below the 40-year statutory maximum. 21 U.S.C. § 841(b)(1)(B)(ii);

4

United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005); United States v.

Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of

reasonableness, the actual prison term imposed against the statutory maximum).[4]

Accordingly, Macias-Ortiz has not shown that his sentence was unreasonable,

nor that the district court committed any error, much less plain error, in imposing it.

We therefore affirm his sentence.

**AFFIRMED**.

---

[4] See also Rita, 127 S. Ct. at 2462 (holding that a court of appeals may afford a presumption of reasonableness to a within-Guidelines sentence); United States v. Campbell, 491 F.3d 1306, 1314 n.8 (11th Cir. 2007) (noting that, although we have not normally afforded a within-Guidelines sentence a presumption of reasonableness, the Rita decision calls that policy into question).